**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cr-546-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) MANUEL BLANCO-OCHOA,

    Defendant.

---

**RECOMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS and ORDER VACATING THE EXISTING WRITS AND RETURNING DEFENDANT TO INS CUSTODY**

---

This matter comes before the Court on a motion to dismiss filed by Defendant (ECF # 75)[1], the Government's response (ECF# 80), and Defendant's reply (ECF #81). The case has been referred to this Magistrate Judge and falls under the Western Slope/Grand Junction Protocol which allows me to address dispositive motions on recommendation (ECF #49)[2] as the parties have

---

[1] "(ECF #75)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Crim. P. 59(b)(2). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a

unanimously consented to my jurisdiction (ECF #17—this Defendant's consent). The Court has reviewed the pending motion, response, reply, and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the motion be DENIED and issues additional Orders modifying the writ of habeas corpus as specifically set forth below.

On December 30, 2018, this Court modified its earlier Order detaining Defendant (ECF #12) and issued conditions of release as to Defendant (ECF #38). This was based on Defendant's motion to reconsider (ECF #28) which provided the Court additional and corrected information and was not opposed by the Government (ECF #37—in which the Government recommended release). No party challenges this Court's determination that conditions of release are appropriate under the BRA.

Based on the Court's December 30, 2019 Order, Defendant was released from custody in this matter. However, he was then transferred to ICE detention for removal proceedings. *See* Defendant's motion (ECF #75, pp. 1-2).

This matter proceeded apace and Defendant filed a notice of disposition on July 30, 2019 (ECF #58). Based on that notice, a change of plea hearing was set for 9/3/2019 and the Government requested a writ to secure Defendant from ICE to attend that hearing. This Court, in what now appears to be a misguided attempt to be practical as to travel times and USMS resources, ultimately issued that writ in a manner which would allow Defendant to be held by the USMS for the time needed to transport Defendant from his current ICE custody at GEO (in the Denver area) to Grand Junction (some 250 miles away and over two mountain passes) for the change of plea

---

copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

and then to hold Defendant in Grand Junction for the approximately 2-3 months until sentencing. This would have avoided the need to transport Defendant back to GEO and then to reverse the process in the fall/winter of 2019 and again bring Defendant back to Grand Junction for sentencing.

Unfortunately, that is not the end of the story. The Court was next informed of the pending disbarment of Defendant's Counsel, Mr. Ernest Gomez (ECF #64). While the disbarment date was delayed until after the change of plea hearing, the Court found it untenable to permit Defendant to proceed to a change of plea—if even possible—with a soon to be disbarred attorney, and thus immediately appointed CJA Counsel to represent Defendant (ECF #66), while in no way foreclosing Defendant's ability to again retain his own paid Counsel should Defendant so choose. Based on Defendant's motion the plea hearing was vacated (ECF #70) although the notice of disposition was not withdrawn (ECF #68).

Defendant now moves to dismiss on the basis that the use of the immigration authority to detain Defendant while simultaneously pursuing criminal charges—when the Court has issued conditions of release under the Bail Reform Act (BRA)—violates the BRA thus necessitating dismissal of the indictment. Defendant is incorrect in this analysis. This Court finds persuasive the recent Order issued by the Honorable Judge Arguello, United States District Court Judge for the District of Colorado, in that there is not an irreconcilable conflict between the BRA and INA and that there is an explicit contemplation of parallel proceedings. *United States v. Ramirez-Arenas,* 2019 WL 2208529 *5 (D. Colo. 2019) (internal quotations and citations removed—citing to *United States v. Ailon-Ailon*, 875 F.3d 1334 (10th Cir. 2017)). "ICE's authority to facilitate an illegal alien's removal from the country does not disappear merely because the U.S. Marshall cannot detain him under the BRA pending his criminal trial." *United States v. Vasquez-Benitez*, 919 F.3d 546, 553 (D.C. Cir. 2019). No violation, either Constitutional or statutory, exists when

3

a Defendant is granted conditions of release under the BRA but is held under the INA. *See Ramirez-Arenas,* 2019 WL *5.

No valid basis exists which would warrant dismissal of this action. This Court has independently determined that conditions of release are appropriate under the BRA and has issued such conditions. The existence of a different determination under the INA by a separate tribunal in a parallel proceeding in no way precipitates a Constitutional or statutory violation necessitating dismissal. Thus, this Magistrate Judge respectfully recommends that the motion to dismiss be DENIED.

As alluded to *supra*, the issue herein is not the existence of permissible parallel proceedings, but is instead the manner in which this Court over-road its own BRA determination by attempting to address a writ of habeas corpus in a manner which was practical but inconsistent with the conditions of release. Rather than issue a writ which allowed Defendant to be held by the USMS pending resolution of this matter, the writ should instead have been significantly limited in scope to the time necessary for transport and return for a particular proceeding. This concern can be resolved and immediately alleviated by vacating the offending writ. While this will may result in an additional transport of Defendant—should Defendant after consultation with his new Counsel determine to proceed with a change of plea and follow-on sentencing, this may be unavoidable given the current posture of this matter.[3]

---

[3] Of course, should Defendant find such repeated transports distasteful, he may, upon written notice to the Court, revoke his conditions of release and return himself to the custody of the USMS thus potentially resolving the transport issue.

Therefore, the Court respectfully recommends that the motion to dismiss be DENIED.

The Court Orders that both writs (ECFs #63 & 74) are hereby vacated. The USMS Shall turn Defendant over to the INS (or any other party having a hold on Defendant) should there continue to be a hold on Defendant's person or release Defendant on his conditions of release if no such hold(s) exists.

It is further Ordered that, in the future, the Government SHALL move for such writ necessary to accomplish the limited purpose of the hearing for which such writ may be necessary and for no greater purpose.

Dated at Grand Junction, Colorado this September 15, 2019.

Gordon P. Gallagher

United States Magistrate Judge